PEOPLE v KAZMIERCZAK

Docket No. 113452. Argued October 14, 1999 (Calendar No. 13). Decided February 10, 2000.

David E. Kazmierczak was charged in the Oakland Circuit Court with possession with intent to deliver marijuana. The court, Robert C. Anderson, J., on reconsideration and in accordance with *People v Taylor*, 454 Mich 580 (1997), which held that the odor of marijuana alone is not sufficient probable cause to search a vehicle, granted a motion to suppress the evidence and dismissed the charges. The Court of Appeals, GAGE, P.J., and MICHAEL J. KELLY and HOEKSTRA, JJ., affirmed in an unpublished opinion per curiam (Docket No. 208367). The people appeal.

In an opinion by Justice TAYLOR, joined by Chief Justice WEAVER, and Justices CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

The smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle, pursuant to the motor vehicle exception to the warrant requirement.

1. Probable cause to issue a search warrant exists where there is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in a particular place. In order to show that a search was in compliance with the Fourth Amendment, the police must show either that they had a warrant or that their conduct fell within one of the narrow, specific exceptions to the warrant requirement. One well-established exception is the automobile or motor vehicle exception, premised on an automobile's ready mobility and pervasive regulation: the police may search a motor vehicle without the necessity of first obtaining a warrant if probable cause to support the search exists.

2. In *People v Taylor*, the claim that the smell of marijuana alone was sufficient to provide probable cause to conduct a search of a motor vehicle without a warrant was rejected. The majority indicated that the smell of marijuana was but one factor to consider in the totality of the circumstances. But *Taylor* was erroneously decided because it confused the concept of probable cause and how it may be shown with the concept of search warrant exceptions and when they exist. A two-step analysis is required. One

must first ask if probable cause to search existed. If that question is answered in the affirmative, one then must ask if a search warrant was obtained or if a search warrant exception applied. If both questions are answered in the affirmative, there is no basis to suppress evidence seized.

3. When a qualified person smells an odor sufficiently distinctive to identify contraband, the odor alone may provide probable cause to believe that contraband is present. The odor provides a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found. In this case, an officer testified that he had previous experience involving marijuana investigations and that he recognized a strong smell of marijuana emanating from the vehicle. The trial court found the officer's testimony to be credible. Under such circumstances, probable cause to search for marijuana existed, and, under the Fourth Amendment, the police were permitted to search the vehicle without more, including closed containers in the vehicle that might conceal the object of the search.

4. *Taylor* must be overruled because it clearly misread and misapplied United States constitutional law as clearly articulated by the United States Supreme Court in its opinions concerning the motor vehicle exception to the search warrant requirements of the Fourth Amendment. Further, no claim has been made either in *Taylor* or in this case that the Michigan Constitution has a higher standard than the United States Constitution in this regard, and thus the *Taylor* rationale is entirely without support.

Reversed and remanded.

Justice KELLY, joined by Justice CAVANAGH, concurring in part and dissenting in part, stated that the majority unnecessarily and inappropriately overrules *People v Taylor* to hold that the smell of marijuana by a qualified police officer may establish probable cause for a search of a motor vehicle without a warrant.

*Taylor* held that the odor of marijuana alone is insufficient to create probable cause to search a vehicle. In that case, the arresting police officer had little practical experience and no training in detecting the odor. In this case, the officer had extensive experience in the area. Hence, the finding of probable cause in this case is based on more than the odor of marijuana; it is based on the odor, coupled with the knowledge necessary to accurately distinguish the odor. When all the circumstances are considered, the factors supporting probable cause overwhelm those opposing it.

There is no reason why reversal cannot apply rather than overturning *Taylor*. To the extent that the *Taylor* majority may have misread the *Taylor* and *Johnson* United States Supreme Court

cases, it can be corrected without undermining the overall validity of the holding.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Frederick M. Finn* for the defendant-appellee.

Amicus Curiae:

*Elwood Brown*, President, *John D. O'Hair*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief, Research, Training and Appeals, for Prosecuting Attorneys Association of Michigan.

TAYLOR, J. Defendant was charged with possession with intent to deliver marijuana. MCL 333.7401(2)(d)(iii); MSA 14.15(7401)(2)(d)(iii). In accordance with *People v Taylor*, 454 Mich 580, 593; 564 NW2d 24 (1997), which held that "odor [of marijuana] alone is not sufficient probable cause to search a vehicle," the trial court granted a motion to suppress the evidence and dismissed the charges. As explained below, we overrule *Taylor*, and hold that the smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle, pursuant to the motor vehicle exception to the warrant requirement. We reverse the order of the trial court and remand for further proceedings.

STATEMENT OF PROCEEDINGS BELOW

Marijuana was found in the trunk of defendant's car after he was stopped for speeding. Defendant was

bound over for trial in the circuit court after a preliminary examination. Defense counsel filed a motion in the circuit court to quash the information, arguing that the marijuana had been seized contrary to the Fourth Amendment. The trial court found that the bindover had been proper and denied the motion.

Defendant filed an interlocutory appeal in the Court of Appeals. While that appeal was pending, this Court issued its decision in *People v Taylor, supra.* Two weeks later, the Court of Appeals entered the following order:

> Pursuant to MCR 7.205(D)(2) the February 13, 1997 order of the Oakland Circuit Court is vacated and the case remanded for reconsideration of defendant's motion to suppress evidence and dismiss the information in light of *People v Taylor* [citation omitted], holding that the odor of marijuana alone is not sufficient probable cause to search a vehicle without a warrant, but may be one factor to consider in the totality of the circumstances. [Unpublished order, entered June 30, 1997 (Docket No. 203590).]

At a subsequent evidentiary hearing, Officer Jason Bordo testified that he stopped defendant for speeding twenty miles over the posted limit. Bordo indicated he was five to ten feet behind the rear bumper of the car when he detected "a very strong smell of marijuana emanating from the vehicle" that was "overpowering." Bordo stated that he had previously participated in fifteen to twenty cases involving marijuana and that, although he could not definitively describe the smell of marijuana, he could distinguish between burning marijuana and unburned marijuana and that the smell he detected was of unburned marijuana.

Defendant told Bordo he did not have any marijuana in the car. When Bordo's search of the inside of the car did not reveal any marijuana, he opened the trunk and observed a zippered duffle bag. A search of the duffle bag revealed a block of marijuana in a sealed clear plastic bag. Rolling papers, baggies and a scale were also found in the duffle bag.

Defense counsel's cross-examination of Bordo ended as follows:

> *Q.* Okay. So the only basis for searching the trunk was your claim of smelling the odor of marijuana, is that true?
> *A.* That is true.

Defense counsel thanked Bordo for his candid testimony and asked the court to suppress the evidence and dismiss the case because Bordo had admitted that the only basis for his search was the smell of marijuana and that was not enough pursuant to *People v Taylor*.

The trial court concluded the evidentiary hearing by indicating that it believed Bordo had been very forthright. The court subsequently issued an opinion and order stating the case was before the court for reconsideration in light of *People v Taylor* and further stating:

> The Court first notes that it finds that the testimony of Troy Police Officer Jason Bordo was credible. The Court also notes that the only offense that Officer Bordo observed to warrant the traffic stop was an alleged driving in excess of the posted speed limit. In other words, this case amounted to a routine traffic stop. The Court further finds that the facts surrounding the search of Defendant's vehicle established no exception to the Fourth Amendment Warrant Clause. Officer Bordo testified that the only basis for his search of Defendant's vehicle was the smell of marijuana.

Therefore, since the odor of marijuana was the *sole* factor to support the search, the Court finds that there was not sufficient probable cause for the warrantless search of Defendant's vehicle.

The prosecution appealed the trial court's order to the Court of Appeals, which affirmed on the basis of *People v Taylor*.[1] The Court of Appeals opinion stated as follows in a footnote:

If we were not bound by our Supreme Court's holding in *Taylor, supra*, we would reverse the lower court's decision and hold that odor alone is sufficient probable cause to justify the search of an automobile. Like the majority of courts in other states and jurisdictions, we are persuaded that detection of the odor of either fresh marijuana or marijuana smoke, standing alone, provides probable cause for a warrantless search. See, e.g., *State v Sarto*, 195 NJ Super 565, 574; 481 A2d 281 (1984) (reversing the order of suppression because "the strong odor of unburned marijuana gave police probable cause to search the trunk for evidence of contraband"); *Waugh v State*, 20 Md App 682, 691; 318 A2d 204 (1974) (stating that "[t]rained investigators are entitled to rely upon the sense of smell to establish probable cause, just as surely as they are entitled to rely upon the senses of sight, hearing, touch or taste"), rev'd on other grounds 275 Md 22, 30; 338 A2d 268 (1975). See generally the collection of cases catalogued at 68 Am Jur 2d, Searches and Seizures, "Detection of Odor," § 72 (1993) and "Odor of Narcotics as Providing Probable Cause for Warrantless Search," 5 ALR4th 681 (1981).

The prosecution filed an application for leave to appeal, asking this Court to revisit *People v Taylor* and to rule that the odor of marijuana by itself is sufficient to provide probable cause for the search of an

---

[1] Unpublished opinion per curiam, issued October 20, 1998 (Docket No. 208367).

automobile. This Court subsequently granted the prosecution's application for leave to appeal.[2]

CONTROLLING LEGAL AUTHORITIES

The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11.[3]

The right to be secure against unreasonable searches and seizures absent a warrant based upon probable cause is subject to several specifically established and well-delineated exceptions. *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993). Probable cause to issue a search warrant exists where there is a "substantial basis" for inferring a "fair probability" that contraband or evidence of a crime will be found in a

---

[2] 459 Mich 989 (1999).

[3] The Fourth Amendment was made applicable to the states through the Fourteenth Amendment, *Mapp v Ohio*, 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961), provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Const 1963, art 1, § 11 provides:

The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug . . . seized by a peace officer outside the curtilage of any dwelling house in this state.

particular place. *People v Russo*, 439 Mich 584, 604; 487 NW2d 698 (1992).[4] Generally, evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings. *In re Forfeiture of $176,598*, 443 Mich 261, 265; 505 NW2d 201 (1993).[5]

In order to show that a search was in compliance with the Fourth Amendment, the police must show either that they had a warrant or that their conduct fell within one of the narrow, specific exceptions to the warrant requirement. *Davis, supra* at 10.

One of the well-established exceptions to the warrant requirement is known as the automobile or motor vehicle exception. As explained in *Pennsylvania v Labron*, 518 US 938, 940; 116 S Ct 2485; 135 L Ed 2d 1031 (1996), the automobile exception is premised on an automobile's ready mobility and pervasive regulation, and if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more.[6] Thus, under the

---

[4] The same probable cause analysis applies when police act without a warrant. *People v Levine*, 461 Mich 172, 182; 600 NW2d 622 (1999).

[5] However, see *People v Stevens*, 460 Mich 626, 639; 597 NW2d 53 (1999), where we noted:

"[T]he Fourth Amendment 'has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons.' " *United States v Leon*, 468 US 897, 906; 104 S Ct 3405; 82 L Ed 2d 677 (1984). Repeatedly, the United States Supreme Court has emphasized "that the State's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution." *Pennsylvania Bd of Probation & Parole v Scott*, 524 US 357 [362]; 118 S Ct 2014, 2019; 141 L Ed 2d 344 (1998).

[6] See also, e.g., *Carroll v United States*, 267 US 132, 153; 45 S Ct 280; 69 L Ed 543 (1925) (where the police have probable cause, "contraband

automobile exception, the police may search a motor vehicle without the necessity of first obtaining a warrant if probable cause to support the search exists.

### *PEOPLE v TAYLOR*

In *People v Taylor*, the four-justice majority rejected the claim that the smell of marijuana alone was sufficient to provide probable cause to conduct a search of a motor vehicle without a warrant. Rather, the majority indicated that the smell of marijuana was but one factor to consider in the totality of the circumstances.

In a key passage, the majority stated:

> The [*Taylor v United States*, 286 US 1; 52 S Ct 466; 76 L Ed 951 (1932)] Court stated:
>
> "Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime; but its presence alone does not strip the owner of a building of constitutional guarantees against unreasonable search." [*Id.* at 6.]
>
> Later, in *Johnson v United States*, 333 US 10, 13; 68 S Ct 367; 92 L Ed 436 (1948), the Court reiterated that *Taylor* held

---

goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant"); *United States v Ross*, 456 US 798, 820, n 26, 825; 102 S Ct 2157; 72 L Ed 2d 572 (1982) ("During virtually the entire history of our country—whether contraband was transported in a horse-drawn carriage, a 1921 roadster, or a modern automobile—it has been assumed that a lawful search of a vehicle would include a search of any container that might conceal the object of the search"); *Wyoming v Houghton*, 526 US 295, 307; 119 S Ct 1297; 143 L Ed 2d 408 (1999) ("police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search"); and *Maryland v Dyson*, 527 US 465, 466; 119 S Ct 2013; 144 L Ed 2d 442 (1999) ("the 'automobile exception' has no separate exigency requirement").

"only that odors alone do not authorize a search without warrant. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character."

Because the United States Supreme Court has held that odor alone is not sufficient to authorize a search of a building without a warrant, *we hold that odor alone is not sufficient probable cause to search a vehicle*. Rather, as these cases indicate, odor should be but one factor to consider in a totality of the circumstances. [454 Mich 592-593 (emphasis added).]

Three members of the Court dissented in an opinion written by Justice WEAVER, stating that they would hold

that the plain smell of burned or unburned marijuana provides probable cause to search a vehicle without a warrant. [*Id.* at 596.]

ANALYSIS

This Court's opinion in *Taylor* was erroneously decided because it confused the concept of probable cause and how it may be shown with the concept of search warrant exceptions and when they exist.[7] A two-step analysis is required. Given that Bordo's stop of defendant's vehicle was permissible,[8] one must first

---

[7] We note that the dissent does not challenge our analysis on this key point.

[8] The traffic stop here was permissible because Bordo observed a traffic violation. *Whren v United States*, 517 US 806, 810; 116 S Ct 1769; 135 L Ed 2d 89 (1996).

ask if probable cause to search existed. If that question is answered in the affirmative, one must ask if a search warrant was obtained or if a search warrant exception applied. If both questions are answered in the affirmative, there is no basis to suppress evidence seized thereafter.

The United States Supreme Court decisions in *Taylor v United States*[9] and *Johnson v United States*[10] suggest that when a qualified person smells an odor sufficiently distinctive to identify contraband, the odor alone may provide probable cause to believe that contraband is present. Thus, the odor provides a "substantial basis" for inferring a "fair probability" that contraband or evidence of a crime will be found. *People v Russo, supra* at 604. Here, Officer Bordo testified that he had previous experience involving marijuana investigations and that he recognized "a very strong smell of marijuana emanating from the vehicle." The trial court found the officer's testimony to

---

[9] In *Taylor v United States*, prohibition agents smelled the odor of whiskey coming from a garage adjacent to the defendant's residence. The agents broke into the garage and discovered 122 cases of whiskey. The defendant was convicted of unlawful possession of intoxicating liquor. The Supreme Court reversed the defendant's conviction. While indicating that prohibition officers can rely on a distinctive odor as a physical fact of possible crime, the Court reversed the defendant's conviction because the agents had not obtained a warrant for the search.

[10] In *Johnson v United States*, a police officer smelled burning opium coming from the defendant's living quarters in a hotel. The officer knocked on the door and told the defendant she was under arrest. A search revealed opium and a smoking apparatus. The defendant was convicted of violating federal narcotics laws. While indicating that distinctive odors of a forbidden substance may well be evidence of a most persuasive character, the Court reversed the defendant's convictions because the officer had not sought a search warrant. The Court indicated that there are exceptional circumstances in which a warrant may be dispensed with, but that such a situation was not present. The Court specifically pointed out that the search had been of permanent premises, "*not of a movable vehicle.*" *Id.* at 15 (emphasis added).

have been credible. Under such circumstances, probable cause to search for marijuana existed. Thus, the first inquiry in the two-step analysis is answered in the affirmative.

The next inquiry is whether a search warrant was obtained or if a search warrant exception existed. Given that a warrant was not sought, the question is whether a search warrant exception allowed officer Bordo to search defendant's car without a warrant. The answer to this question is also affirmative because this case presents a classic example of the automobile exception to the warrant requirement. As indicated in *Pennsylvania v Labron, supra* at 940, if probable cause exists to believe a car contains contraband, the Fourth Amendment permits police to search the vehicle without more. This ability to search without a warrant extends to closed containers in the vehicle that might conceal the object of the search, such as defendant's duffle bag. *United States v Ross*, 456 US 798, 825; 102 S Ct 2157; 72 L Ed 2d 572 (1982).

The *Taylor* majority erroneously concluded:

> Because the United States Supreme Court has held that odor alone is not sufficient to authorize a search of a building without a warrant, we hold that odor alone is not sufficient probable cause to search a vehicle. [*Id.* at 593.]

The flaw in this reasoning is that there is no building exception to the warrant requirement, whereas there is an automobile exception to the warrant requirement. Further, the Court in *Johnson v United States* specifically stated that its holding that a search warrant was required in addition to positive evidence of the odor of contraband turned on the fact that the

search involved a permanent residence, "not of a movable vehicle." *Id.* at 15. The *Taylor* majority neglected to consider this key distinction.[11]

The dissent takes the position that the officer's experience and ability to recognize the odor of marijuana is a separate factor to be considered in the totality of the circumstances. We disagree. While the officer's experience is relevant to the weight that should be accorded the officer's testimony that he had detected the odor of marijuana, it is not an independent factor indicating the presence of contraband.

We reject the meritless assertion by the dissent that this case can be distinguished from *Taylor* by the fact that the officer in this case had more experience smelling marijuana than the officer in *Taylor*.[12] The

---

[11] We wish to point out that we are not rejecting the "totality of the circumstances" approach to determining probable cause. Probable cause is traditionally determined on the basis of the totality of the circumstances. See *Illinois v Gates,* 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). Our repudiation of *Taylor* is not based on a rejection of this method of determining probable cause. The *Taylor* majority held that odor alone cannot provide sufficient probable cause to search a motor vehicle. *Id.* at 593-594. In contrast, we now hold that when all the circumstances are considered, the odor of marijuana alone, without the existence of other factors indicating the presence of contraband, may provide probable cause to search a motor vehicle pursuant to the motor vehicle exception to the warrant requirement. To reiterate, one must consider all the circumstances, but nevertheless may find probable cause when only one factor, i.e., a distinctive odor, indicates the presence of contraband.

[12] The dissent notes that the first officer on the scene in *Taylor* had no special training in the smell of marijuana. However, the dissent ignores that fact that this officer said that he had previously arrested persons for possession of marijuana and that other officers had pointed out the smell of marijuana to him on many occasions. This certainly would constitute field training. Further, the *Taylor* majority also stated that the second officer on the scene also testified that he smelled marijuana and that this officer testified that he had previously come in contact with the smell of marijuana. *Id.* at 584. Given that two different police officers testified that they smelled marijuana and that they had smelled it on previous occasions, it is not surprising to us that the majority in *Taylor* did not suggest

holding in *Taylor* that "odor [of marijuana] alone is not sufficient probable cause to search a vehicle" is clearly premised on the view that the officers actually did smell marijuana. In fact, it is clear that both the majority and the dissent in *Taylor* assumed the officers actually smelled marijuana and disagreed about whether that smell alone could provide probable cause. If there was an issue about whether the officer knew what he was smelling, either the majority or dissent would have advanced that point. The fact that neither did so speaks eloquently, albeit silently, that no such distinction was available.

The dissent concludes that our decision to overrule *Taylor* is unnecessary and inappropriate. Because *Taylor* reached the opposite conclusion on the legal question at issue, we do not agree. In *Taylor*, this Court effectively held that probable cause cannot exist when the odor of marijuana is the only factor indicating the presence of contraband. Our holding is to the contrary: Probable cause can exist when the odor of marijuana is the only factor indicating the presence of contraband.

### STARE DECISIS

Finally, we indicate that we have considered principles of stare decisis before deciding to overrule *Taylor*. With reference to stare decisis, this Court stated as follows in *People v Graves*, 458 Mich 476, 480-481; 581 NW2d 229 (1998):

---

that a different result might have been reached if the first officer on the scene had testified that he had special training in smelling marijuana.

It is true of course that we do not lightly overrule a case. This Court has stated on many occasions that "[u]nder the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction should not be lightly departed." Further, . . . "[b]efore this court overrules a decision deliberately made, it should be convinced not merely that the case was wrongly decided, but also that less injury will result from overruling than from following it." When it becomes apparent that the reasoning of an opinion is erroneous, and that less mischief will result from overruling the case rather than following it, it becomes the duty of the court to correct it. Although we respect the principle of stare decisis, we also recognize the common wisdom that the rule of stare decisis is not an inexorable command. [Citations omitted.]

With these guiding principles in mind, we overrule *Taylor* because it clearly misread and misapplied United States constitutional law as clearly articulated by the United States Supreme Court in its opinions concerning the motor vehicle exception to the search warrant requirements of the Fourth Amendment. It is noteworthy that no claim has been made either in *Taylor*, or in the instant matter, that the Michigan Constitution has a higher standard than the United States Constitution in this regard, and thus the *Taylor* rationale is entirely without support. It was, in short, erroneously decided. Moreover, it has not produced the kind of reliance interests deserving of stare decisis protection. See *Bott v Natural Resources Comm*, 415 Mich 45, 77-78; 327 NW2d 838 (1982). In fact, the only reliance interest that may be adversely affected is the expectation of an illicit substance transporter. This is not a reliance interest worthy of our sympathy. Also, it is clear that overruling *Taylor* will cause less injury than perpetuating its error. Indeed, continuing to follow *Taylor* would be violative of the public

interest in that legitimate criminal charges will be erroneously dismissed. Moreover, we see no injury from overruling *Taylor* where it was premised on a misreading and misunderstanding of controlling United States Supreme Court decisions. As stated in *Parker v Port Huron Hosp*, 361 Mich 1, 10; 105 NW2d 1 (1960), where it is clearly apparent that an error has been made, the Court should deviate from following the established rule. Further, our holding today is in accord with our statement in *People v Faucett*, 442 Mich 153, 156, n 3; 499 NW2d 764 (1993), that the odor of fresh marijuana could support a finding of probable cause to search a vehicle.

Finally, by overruling *Taylor*, and declaring that the smell of marijuana alone[13] by a person qualified to know the odor may establish probable cause to search a motor vehicle, pursuant to the motor vehicle exception to the warrant requirement, we return Michigan to the majority view.[14] As *United States v Staula*, 80 F3d 596 (CA 1, 1996), states, the law is

[13] We agree with the dissenters in *Taylor* that the smell of burned, burning, and unburned marijuana, when immediately apparent, are equally incriminating. *Id.* at 603-604. Hence we reject the lead opinion in *People v Hilber*, 403 Mich 312; 269 NW2d 159 (1978) (which was only signed by two justices), and *People v Chernowas*, 111 Mich App 1; 314 NW2d 505 (1981), which distinguished between the smell of burned and unburned marijuana. We also note that the majority in *Taylor* declined to adopt this distinction as the basis for its decision. *Id.* at 594, n 6.

[14] See, e.g., *United States v Staula*, 80 F3d 596, 602 (CA 1, 1996) ("The case law is consentient that when a law enforcement officer detects the odor of marijuana emanating from a confined area, such as the passenger compartment of a motor vehicle, that olfactory evidence furnishes the officer with probable cause to conduct a search of the confined area"), and *United States v Downs*, 151 F3d 1301, 1303 (CA 10, 1998) (the odor of raw marijuana alone may satisfy the probable cause requirement to search a vehicle), *State v Sarto, supra; Waugh v State, supra,* 68 Am Jur 2d, Searches & Seizures, *Detection of Odor,* § 72, pp 696-697, and anno: *Odor of narcotics as providing probable cause for warrantless search,* 5 ALR4th 681.

consistent that the smell of marijuana may provide probable cause to search.

Reversed and remanded for further proceedings.

WEAVER, C.J., and CORRIGAN, YOUNG, and MARKMAN, JJ., concurred with TAYLOR, J.

KELLY, J. (*dissenting in part and concurring in part*). The majority unnecessarily and inappropriately overrules *People v Taylor*[1] to hold that the smell of marijuana by a qualified police officer may establish probable cause for a warrantless search of a motor vehicle.[2]

*Taylor* held that the odor of marijuana alone is insufficient to create probable cause to search a vehicle. In that case, the arresting police officer had little practical experience and no training in detecting the odor. In this case, the officer had extensive experience in the area. Hence the finding of probable cause here is based on more than the odor of marijuana. It is based on the odor, coupled with the knowledge necessary to accurately distinguish the odor.[3]

---

[1] 454 Mich 580; 564 NW2d 24 (1997).

[2] *Ante*, pp 413, 426. However, on page 424 of its opinion, the majority states a different holding: "Probable cause can exist when the odor of marijuana is the only factor indicating the presence of contraband." See also p 423, n 11. The majority should determine which holding it prefers and state that holding consistently throughout its opinion in order to avoid unnecessary confusion.

[3] In setting out the facts in *Taylor*, the majority specifically mentions that the officer instigating the search "had no special training in the smell of marijuana and that he had not been administered a test regarding the smell of marijuana." *Id.* at 584. The training and experience of the officer did not bolster his claim that he smelled marijuana upon approaching the defendant's car. In the totality of the circumstances analysis, his experience was not a factor indicating probable cause. No other fact supporting a finding of probable cause was presented except the officer's claim that he smelled marijuana. At no time was marijuana found. *Id.* at 585.

In applying a totality of the circumstances analysis, one finds that other relevant facts were that the officer saw no marijuana or evidence of its presence before he searched. The occupants of the car denied having contraband. The contraband was not in plain sight, but was sealed and in the closed trunk. There was nothing else to weigh against the officer's claim of smelling marijuana and his experience with it. Hence the finding of probable cause can be justified.

But I stress that the finding is not based solely on the odor of marijuana. It is based on the odor, plus the officer's ability accurately to detect the odor, weighed with the other relevant facts.[4] When all is

---

In footnote 12 of its opinion, the majority notes that the second officer summoned as back-up in *Taylor* also testified regarding smelling marijuana. This was not relevant in determining whether probable cause existed on the basis of the totality of the circumstances. "[T]he level of intrusion upon the defendants escalated to a seizure requiring probable cause when Officer Walendzik summoned dispatch for back-up." *Id.* at 590. Furthermore, the *Taylor* majority specifically noted that the second officer likewise lacked any special training in identifying the smell of marijuana. The *Taylor* Court's emphasis on the officers' lack of special training suggests that probable cause may have been found had the first officer testified that he had such training.

The *Taylor* Court stated that the "odor [of marijuana] alone is not sufficient probable cause to search a vehicle." *Id.* at 593. This is not inconsistent with the Court's holding today that the odor of marijuana alone by a person qualified to know the odor may establish probable cause.

In both cases, the odor without more is insufficient for probable cause. Also, in both a totality of the circumstances must be considered before probable cause can be determined.

[4] At least two federal circuits have unequivocally acknowledged that the training and experience of the officer making the probable cause determination must be considered in the totality of the circumstances. The Fifth Circuit declared in *United States v Paige*, 136 F3d 1012, 1023-1024 (CA 5, 1998):

> [I]n reviewing probable cause determinations, we must consider the totality of the circumstances—including the officers' training and experience as well as their knowledge of the situation at hand.

considered, the factors supporting probable cause overwhelm those opposing it here.

I see no reason why this reversal cannot *apply* rather than overturn *Taylor.* To the extent that the *Taylor* majority may have misread the *Taylor* and *Johnson* United States Supreme Court cases, it can be corrected without undermining the overall validity of the holding. *Johnson v United States,* 333 US 10; 68 S Ct 367; 92 L Ed 2d 436 (1948).

This Court should correct the Court of Appeals perception that "the odor of either fresh marijuana or marijuana smoke, standing alone, provides probable cause for a warrantless search." We should clarify that all relevant circumstances must be considered and that the odor, coupled with an officer's training,

---

Likewise, in *United States v Jerez,* 108 F3d 684, 708 (CA 7, 1997), the Seventh Circuit stated:

> "[W]e consider the 'totality of the circumstances' as they were presented to the officer at the time of the encounter. Included in this picture are the officer's experience and his knowledge of the typical behavior of persons involved in [such criminal activity]."

The majority counters that an officer's training and experience is not "an independent factor indicating the presence of contraband." Rather it goes to the reliability of the officer's testimony that the odor of contraband was detected. *Ante,* p 423. I disagree. Numerous factors universally considered as part of the totality of the circumstances are more relevant to the weight to be given an officer's testimony than independently evidencing the presence of contraband, e.g., the packaging of marijuana in such a manner that detection of its odor is unlikely, the presence of wind or competing odors that could confuse or overwhelm the officer's sense of smell, or a head cold that adversely affects the arresting officer's sense of smell. Because these are all independent factors considered in the totality of the circumstances, the training and experience of the officer must be, as well. The majority cites no authority for the proposition that to be a "factor" included in the totality of the circumstances analysis something must independently show the presence of contraband.

may, but not necessarily will, be enough to establish probable cause.[5]

CAVANAGH, J., concurred with KELLY, J.

---

[5] The majority claims that its holding today returns Michigan to the majority view. However, a probable cause determination based on the totality of the circumstances has always been "the view" in both Michigan and among "the majority" of jurisdictions. The majority today unnecessarily overrules *Taylor* while at the same time reaffirming its holding.

The majority claims no reliance interests aside from those of "illicit substance transporter[s]" are affected by its decision today. *Ante,* p 425. However, lawyers, state courts at all levels and the law enforcement community rely on the stability of the law in performing their respective duties competently and efficiently. This reliance interest is adversely affected when we rapidly and needlessly overrule a precedent.