# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 21, 2010

140630

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

MICHAEL JAMES PERREAULT,
      Defendant-Appellee.

SC: 140630
COA: 288540
Grand Traverse CC: 08-010586-FH

_____/

On order of the Court, the application for leave to appeal January 19, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion. In addition, we are not persuaded by the defendant's separate argument, made in the Court of Appeals, that the conduct of the police rendered this a police search, subject to the probable cause standard, rather than a school search, subject to the reasonable suspicion standard. We REINSTATE the defendant's conviction and sentence.

MARKMAN, J. (*concurring*).

I write separately only to explain why the search in this case did not violate defendant's Fourth Amendment rights. In my judgment, the anonymous tip in this case provided "sufficient indicia of reliability to support reasonable suspicion" that defendant was selling marijuana on school grounds. *People v Faucett*, 442 Mich 153, 169 (1993). Thus, the search conducted by school officials of defendant's vehicle that was parked on school grounds was a valid search.

While police may search a vehicle without a warrant only if they have probable cause to believe that there is evidence of a crime in the vehicle, *People v Kazmierczak*, 461 Mich 411, 418-419 (2000), school officials may search a student or a student's property on school grounds under the lesser standard of 'reasonable suspicion.' *New Jersey v TLO*, 469 US 325, 341-342 (1985). "Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *People v Champion*, 452 Mich 92, 98 (1996), citing *United States v Sokolow*, 490 US 1 (1989). In cases involving an anonymous tip, the test to determine whether there is reasonable suspicion is based on "the *totality of the*

*circumstances* with a view to the question whether the tip carries with it *sufficient indicia of reliability* to support a *reasonable suspicion* of criminal activity." *Faucett,* 442 Mich at 169, citing *Alabama v White*, 496 US 325 (1990). An anonymous tip that provides sufficient detail may provide reasonable suspicion of criminal activity, especially, though not necessarily, when there is independent corroboration of relevant facts. *Faucett,* 442 Mich at 170-172.

Here, the search of defendant's vehicle was prompted by an anonymous tip received by the Grand Rapids Silent Observer, a local 'crime-stopper's' organization, concerning the sale of illegal drugs at a Traverse City high school. The tip identified four students who were selling drugs on school grounds, one of whom was defendant. The tip indicated that the tipster himself had been involved in the drug activity with one of the students and that he had seen all four students selling drugs. Although greater detail was provided regarding one of these students, the tipster provided identifying details of each of the four students, including their names, grades at school, the vehicles they drove, the drugs that were being sold, and how they were being sold. In particular, the tipster asserted that defendant had been selling drugs from his truck on school grounds. This tip was forwarded to the school and a police officer acting as a liaison officer at the school verified that the vehicles identified by the tipster were registered to the students. The assistant principal knew that defendant drove a truck, and was also aware of defendant's association with some drug-related problems at a local junior high school. Thus, there was corroborating information to indicate that the tipster's information was reliable. In my judgment, the tip and the corroborating information were sufficient for school officials to form a particularized suspicion that defendant was, in fact, selling drugs from his truck in the school's parking lot. Therefore, the search of defendant's vehicle conducted by school officials on school property did not violate defendant's constitutional rights. Rather, it was an entirely reasonable search under the Fourth Amendment.

WEAVER, CORRIGAN, and YOUNG, JJ., join the statement of MARKMAN, J.

KELLY, C.J. (*dissenting*).

I would not take peremptory action in this case, but would instead grant leave to appeal. Unlike the majority, I think that this case presents a close call regarding whether reasonable suspicion existed to warrant the search of defendant's truck.

CAVANAGH, J., joins the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 21, 2010

*Corbin R. Davis*
Clerk