# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SHERI LYNN WILSON,

       Defendant-Appellant.

UNPUBLISHED
August 10, 2017

No. 333126
Calhoun Circuit Court
LC No. 2015-003596-FH

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right her jury convictions of possession with intent to deliver cocaine, MCL 333.7401(2)(a)(*ii*) (450 grams or more, but less than 1,000 grams), possession of a firearm during commission of a felony (felony-firearm), MCL 750.227b, and possession of marijuana, MCL 333.7403(2)(d). We affirm.

Following a tip from a confidential informant, the police set up surveillance along an interstate highway to look for a black, newer model Lincoln rental car. Detective Sergeant Ray Durham, assigned to the South West Enforcement Team (SWET), testified that the purpose of the surveillance was to locate defendant and determine if she was transporting narcotics. Durham contacted Michigan State Police Trooper James Gochanour and requested that he perform a traffic stop of defendant's vehicle. Gochanour testified that he saw defendant's vehicle driving unsafely close behind a semi-truck, and then observed the vehicle change from the right lane to the left lane without using a turn signal. He conducted a traffic stop based on these observed violations.

Gochanour approached the vehicle and asked defendant, who was in the driver's seat, to produce her license and the vehicle registration. Defendant immediately informed Gochanour that she had a gun on her person, and then provided him with her concealed pistol license, her driver's license, and the vehicle's rental agreement. When Gochanour discovered the gun was not registered, he asked defendant if there were any other firearms, narcotics, or anything illegal in her vehicle, and defendant said that there was not. When Gochanour asked defendant if there was any personal-use marijuana in the car, defendant stated that she had some marijuana inside a container near the "stick." Gochanour and his partner conducted a search of the interior of the vehicle and found marijuana in a container, as well as two duct-taped packages in yellow shopping bags that were inside defendant's purse. Laboratory analysis determined that one of

-1-

these three containers held 495.4 grams of cocaine, another held 0.05 grams of cocaine, and the third held 6.9 grams of marijuana.

On appeal, defendant argues that her extended detention following a traffic stop was unreasonable and in violation of her constitutional rights. We review this unpreserved claim of constitutional error for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

"The Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution protect against *unreasonable* searches and seizures." *People v Barbarich*, 291 Mich App 468, 472; 807 NW2d 56 (2011). Stopping a vehicle and detaining its occupants constitutes a seizure. *People v Armendarez*, 188 Mich App 61, 69; 468 NW2d 893 (1991). But "[a] traffic stop is reasonable as long as the driver is detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period." *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005). "The determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced," and "when a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *Id*. Further, to establish that a subsequent search of the vehicle complied with the Fourth Amendment under the motor vehicle exception to the warrant requirement, the police must show that "probable cause to support the search exists." *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). If probable cause exists to believe that the vehicle contains contraband, the ability to search extends to closed containers that might conceal the object of the search. *Id*. at 422.

In this case, defendant does not challenge the basis for the initial traffic stop but argues that after she gave Gochanour her gun, further investigation was not warranted and the extended detention was not justified. But Gochanour determined that the gun was not registered—a discovery which constituted an evolving circumstance that justified his decision to extend the time of the detention. See *Williams*, 472 Mich at 315. Gochanour was also justified in asking defendant questions in order to "resolve the suspicion raised" from finding the unregistered gun, *id*., including whether she had any other firearms, narcotics, or anything illegal in the vehicle. When Gochanour specifically asked defendant if she had any personal-use marijuana in the car, she said that she did. Although this question did not pertain directly to the discovery of the unregistered gun, it stems from and clarifies Gochanour's legitimate question on whether defendant had any other firearms, narcotics, or anything illegal in the vehicle. In other words, once the situation advanced beyond the circumstances of the traffic stop, Gochanour was justified in seeking additional information about those evolving circumstances. See *id*. And after defendant admitted to having marijuana in her vehicle, the police had probable cause to search areas in the vehicle where marijuana likely would be concealed, including defendant's purse which was inside her car. See *Kazmierczak*, 461 Mich at 418-419, 422. Because the traffic stop was reasonable and the search was supported by probable cause, defendant's argument that the drugs recovered and her subsequent comments to the police were fruit of the poisonous tree is without merit. Accordingly, plain error was not established. Moreover, defendant's ineffective assistance of counsel claim premised on the failure to file a motion to

suppress the evidence recovered from the traffic stop also fails because counsel is not required to file a futile motion.  See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly