# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ESTEBAN JAMAL JOHNSON,

        Defendant-Appellee.

UNPUBLISHED
November 8, 2018

No. 340843
Wayne Circuit Court
LC No. 17-005199-01-FH

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Detroit police officers surveilled a home suspected of being a haven for human trafficking. Instead of detecting evidence of that crime, the officers witnessed defendant Esteban Johnson engage in six hand-to-hand transactions from a silver Jeep Cherokee. Officers detained Johnson when he stopped at a nearby store and searched the Jeep. In the center console, they found a large quantity of cocaine and almost $2,000 in cash.

Johnson moved to suppress the seized evidence, contending that the police lacked probable cause for the search. The circuit court ruled that the hand-to-hand transactions did not give rise to probable cause and granted Johnson's motion. We reverse.

I

On a May evening in 2017, a number of Detroit police officers surveilled a home on Military Street, watching for evidence of human trafficking. One officer described the area as "pretty desolate." No homes stood on the east side of the street.

Lieutenant Jonathan Parnell saw a Ford Taurus pull in front of the home under observation. As Parnell circled the block to establish a better viewing point, Sergeant Gary Johnson radioed that a silver Jeep had pulled next to the Taurus. Sergeant Johnson reported that the passengers of the two vehicles engaged in a suspected hand-to-hand narcotics transaction.

A short time later, Lieutenant Parnell observed a red Chrysler Sebring park in front of the house being surveilled. The silver Jeep returned, pulled next to the Sebring, and the two vehicles drove to a nearby street and stopped. Using binoculars to enhance his view, Parnell saw the driver of the Sebring emerge with "green paper currency" in his hand. The man extended his

-1-

arm through the passenger window of the Jeep and brought his hand back, "cupped as if he's holding something." The Sebring drove away. Parnell returned to Military Street.

Parnell watched as four other vehicles arrived and parked in a line in front of the house on Military. The Jeep stopped next to them and "appeared to motion to the drivers of those vehicles." All "pulled away in a procession behind each other" to another location. Parnell watched as the four drivers exited their vehicles and engaged with the Jeep's driver in "actions . . . consistent with narcotics transactions."

Another witness at the evidentiary hearing, Officer Leo Rhodes, described seeing the driver of a blue mini-van hand money to the driver of a silver Jeep in exchange for a "palm sized object."

Uniformed officers were enlisted to detain defendant Johnson when he stopped at a store. After Johnson was handcuffed, an officer searched the Jeep and discovered the contraband. The prosecution charged him with possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*).

Following an evidentiary hearing, the circuit court concluded that the officers lacked probable cause to search Johnson's Jeep. The court summarized:

> Here[,] what it boils down to is whether or not a police [officer] seeing these hand to hand transactions alone would have been enough to support them getting a search warrant because if it would have been enough to support them getting a search warrant, it certainly would have been enough to support them taking the action they took on this day.
>
> And I think there's a reason why before police go into houses and execute search warrants, or houses where they suspect criminal activity [is] afoot that they do . . . controlled buys. I think because simply observing people coming and going, and if there's no tip or anonymous tip or something else that they're acting on that causes them to believe criminal activity is afoot, there's a reason why they do control buys to confirm narcotics are, in fact, being sold and that's all out in the search warrant when they get them.
>
> So I think the reason that's done is because simply observing hand-to-hand transactions isn't enough to support a finding of probable cause. And because I believe that under these circumstances I think the officer may have thought they had enough, but I'm not convinced . . . they did. So the motion to suppress is granted.

The court dismissed the case and the prosecution appeals as of right.

II

We review de novo a trial court's ruling on a suppression motion, *People v Steele*, 292 Mich App 308, 313; 806 NW2d 753 (2011), and its application of Fourth Amendment principles. *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005).

The circuit court correctly articulated that the probable cause standard applies in this case. Contrary to the circuit court's analysis, however, the number of strikingly similar cash exchanges for something small and concealed, combined with three experienced officers' suspicion that the hand-to-hand transfers represented drug dealing, supplied probable cause to search the Jeep.

Probable cause to search a vehicle exists when the totality of the circumstances evinces "a fair probability that contraband or evidence of a crime with be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). Officers may rely on their experience and common sense when evaluating the circumstances to determine whether they are witnessing a crime or innocent behavior. *People v Levine*, 461 Mich 172, 185; 600 NW2d 622 (1999). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Gates*, 462 US at 235 (cleaned up).[1] Or, as the Michigan Supreme Court has put it, probable cause exists where there is a "substantial basis" for inferring a "fair probability" that contraband will be found in a certain location. *People v Kazmierczak*, 461 Mich 411, 418; 605 NW2d 667 (2000). At its core, probable cause is a "nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland v Pringle*, 540 US 366, 370; 124 S Ct 795; 157 L Ed 2d 769 (2003) (cleaned up).

Although a search warrant is the preferred method of acting on probable cause, the automobile exception permits the police to search a car without a warrant if the vehicle is "readily mobile" and likely contains contraband. *Kazmierczak*, 461 Mich at 418. The totality of the circumstances established a substantial basis for inferring that Johnson likely was selling a controlled substance from the Jeep. Probable cause and an exigent circumstance—the possibility that the Jeep would drive away before a warrant could be obtained—support the application of the automobile exception in this case.

Three experienced Detroit police officers described hand-to-hand transactions they believed to be consistent with narcotics trafficking. The transactions were strikingly similar. Vehicles approached the silver Jeep and the drivers handed money to the Jeep's driver. In return, the passengers received something small enough to cup in their hands. While it is possible that the small objects purchased were something other than illegal substances, the surrounding circumstances—evening, six transactions within a short time in a deserted and blighted area,

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

movement of the cars to an even more deserted area in four cases, rapid exchanges of money for goods, the immediate departure of the buyers—all support a "fair probability" that Johnson was selling contraband from the Jeep. The officers reasonably concluded that they had probable cause to search the Jeep.

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher