*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SARA FRANCIS THIBODEAU,

Defendant-Appellant.

UNPUBLISHED
January 23, 2025
10:53 AM

No. 370250
Washtenaw Circuit Court
LC No. 23-000836-FH

Before: M. J. KELLY, P.J., and LETICA and WALLACE , JJ.

PER CURIAM.

Defendant, Sara Thibodeau, appeals by leave granted[1] the trial court order denying her motion to suppress evidence seized from her house pursuant to a search warrant. For the reasons stated in this opinion, we reverse and remand for entry of an order suppressing the evidence seized from Thibodeau's house.

## I. BASIC FACTS

On May 15, 2023, police officers were conducting surveillance on Thibodeau's house because she had an outstanding felony warrant for a controlled-substance offense. The officers observed an SUV leaving the house that they knew Thibodeau had previously used. As a result, a plainclothes officer in an unmarked vehicle followed the SUV. Once it was determined that Thibodeau was the driver, she was stopped and arrested on the outstanding warrant by a police officer in a marked vehicle. During a subsequent search of her vehicle in preparation for impoundment, the police discovered an empty plastic baggie containing a white cloudy residue in the driver's door panel pocket. There was also a small quantity of a white powder on the floorboard between the door and the driver's seat. A field test of the substance revealed the presence of cocaine.

---

[1] *People v Thibodeau*, unpublished order of the Court of Appeals, entered August 20, 2024 (Docket No. 370250).

That same day the officers requested a warrant to search Thibodeau's house. The detective that prepared the affidavit identified Thibodeau's residence as the place to be searched. He averred the following eight paragraphs of facts to establish probable cause to conduct the search:

A. Affiant has been a Police Officer since 10/2009. Affiant was a Vice Detective with the City of Saginaw Police Department for approximately three years and approximately two and a half years of that Affiant was a Task Force Officer with the DEA. I have been a Police Officer with the City of Ann Arbor since 02/2014. Affiant is a Detective with the Ann Arbor Police Department, during which time affiant has served several warrants for narcotics and other criminal activities. Affiant is currently assigned to a narcotics team with the Michigan State Police "LAWNET". Affiant has been tasked with investigating drug activity in Washtenaw County and surrounding areas. Affiant has investigated many violations of the State of Michigan controlled substance laws involving the distribution and the trafficking of controlled substances.

B. Affiant's experience has included numerous controlled substance investigations. Through these investigations Affiant has found that controlled substance dealers often keep guns and ammunition close at hand to protect their product and proceeds. They also keep records of their business transactions relating to their customers and/or suppliers and that these records are kept in books and/or on computer drives. The controlled substance dealer keeps amounts of money on the premises from the sale of controlled substances and to finance further transactions. Further, Affiant has found that controlled substance dealers often have paraphernalia, scales, and diluting materials on the premises and keeps [sic] their stashes of narcotics at their residences where it is easily accessible. Affiant also knows, though experience, that controlled substance transactions often involve the use of cellular telephones, to facilitate controlled substance transactions. Controlled substance dealers often record controlled substance transactions. Controlled substance dealers often keep money from these illegal narcotics and controlled substance transactions in bank accounts and safety deposit boxes.

C. Affiant has been conducting surveillance at . . . Meadowview St., Ypsilanti, MI 48197 looking for Sara Frances Thibodeau regarding her LAWNET Delivering/Manufacturing of a Controlled Substance (Cocaine) Felony Warrant . . . . While conducting surveillance Affiant has observed a white 2008 Chrysler Aspen . . . in the driveway of the residence. LAWNET members had informed affiant that the above mentioned vehicle has been used by Sara Thibodeau in the past. Please note Sara Thibodeau's MI driver's license shows her address being at . . . Meadowview St, Ypsilanti, MI 48197.

D. On May 15, 2023, at approximately 1300 hours Affiant drove by . . . Meadowview St, Ypsilanti, MI 48197 looking for Sara Frances Thibodeau regarding her felony warrant. I observed an unknown subject exit the house and walk into the Chrysler Aspen. I observed the vehicle back out of the driveway onto Meadowview Dr [sic] and head west onto Meadowview until it got to Huntington Ave. I followed the vehicle as it turned south on Huntington Ave. The vehicle

continued driving south until it reached the intersection of Textile Rd. When the vehicle was stopped at an intersection I observed a white female in the driver's side mirror. I recognized the driver as Sara Thibodeau from her MIDRS SOS picture I observed in the past. The vehicle turned east onto Textile. I followed the vehicle the entire time while traveling East on Textile and the roadway turned into W Huron River Dr. LAWNET members were able to get a Washtenaw County Sherriff's Deputy Marked Unit to conduct a traffic stop on Sara Thibodeau for her felony warrant. The Washtenaw County Sheriff's Deputy Erbes . . . made a traffic stop in [sic] W Huron River Dr. and Farm Rd on the White 2008 Chrysler Aspen at approximately 1315 hours.

E. Sheriff Deputy Erbes advised when he conducted the traffic stop, he observed the driver and sole occupant made [sic] furtive gestures to the center console and front driver's seat. He also mentioned she was all over the road before she pulled over to the side of the road for the traffic stop. Sheriff Deputy Erbes placed Thibodeau under arrest for the felony warrant and would request a tow for the vehicle to be impounded. Sheriff Deputy Erbes stated Thibodeau was acting extremely nervous and appeared to be worried when Officers were conducting a search of the vehicle where Sheriff Deputy Erbes said he observed the furtive gestures Thibodeau performed.

F. Affiant searched the front driver side of the vehicle. In the door panel of the driver door was an empty plastic baggie that appeared to have a white cloudy residue as if the baggie contained something previously and was not a new unused baggie. On the floorboard between the front drive [sic] door and the driver seat I observed white powder on the floor of the vehicle. I was wearing black latex's [sic] gloves and was able to collect a sample of the white powder on my left pointer finger. I asked Det. Kessler to use a Sirchie Narc Cocaine ID Wipe on the left pointer finger of the black latex's [sic] glover [sic] where I collected the white powder. Det. Kessler followed the instructions on the back of the Sirchie Wipes and used the wipe on the left pointer finger of the latex glove, the test came back positive (blue) for the presents [sic] of cocaine.

G. On May 15, 2023, MSP LAWNET detectives conducted surveillance on . . . Meadowview St, Ypsilanti, MI 48197 after the traffic stop to ensure nobody came or left the residence.

H. On May 15, 2023, your Affiant conducted a review of Sara Thibodeau's criminal history and located the following narcotics and weapons related arrests.

   * Felony Dangerous Drugs, 08/10/2009, Van Buren Township PD

   * Felony Dangerous Drugs, 03/31/2012, MSP LAWNET

   * Misdemeanor Dangerous Drugs, 07/04/2012, Van Buren Township PD

&ast; Felony Controlled Substance Possession—Analogues 05/19/2015) [sic], Washtenaw County Sheriff's Office.

Based upon the affidavit, the magistrate found probable cause to believe that evidence of drug trafficking would be located at Thibodeau's house and issued the requested search warrant. Cocaine and other drug-related items were seized during the search. Thibodeau was charged with manufacturing, creating, delivering, or possessing with the intent to manufacture, create, or deliver more than 50 grams, but less than 450 grams, of a controlled substance, MCL 333.7401(2)(a)(*iii*). She subsequently moved the trial court to suppress the evidence obtained from the execution of the warrant, but the trial court denied her motion. This appeal by leave granted follows.

## II. SUPPRESSION OF EVIDENCE

### A. STANDARD OF REVIEW

Thibodeau argues that the trial court erred by not suppressing the evidence seized under the search warrant. When reviewing a motion to suppress, we review the trial court's factual findings for clear error, but review de novo whether the court properly applied constitutional standards or properly applied the law to the motion to suppress. *People v Tanner*, 496 Mich 199, 206; 853 NW2d 653 (2014). "A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances." *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017). When there is a challenge to the search warrant, this Court must read the supporting affidavit "in a common sense and realistic manner, not a crabbed or hypertechnical manner." *People v Mullen*, 282 Mich App 14, 27; 762 NW2d 170 (2008) (quotation marks and citations omitted). Because of the deference accorded to a magistrate's determination regarding whether probable cause exists to support the issuance of a search warrant, our review should "ask only whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause." *People v Russo*, 439 Mich 584, 603; 487 NW2d 698 (1992) (quotation marks omitted).

### B. ANALYSIS

A search warrant may not issue unless probable cause exists to justify the search. US Const, Amend IV; Const 1963, art 1, § 11; MCL 780.651. "Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000); see also *United States v Carpenter*, 360 F3d 591, 594 (CA 6, 2004) ("To justify a search, the circumstances must indicate why evidence of illegal activity will be found in a particular place. There must, in other words, be a nexus between the place to be searched and the evidence sought.") (quotation marks and citation omitted). A probable-cause determination must be based on the facts presented to the judge or magistrate by oath or affirmation. *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id*. at 698. Moreover, "[t]he affiant may not draw his or her own inferences, but must state the matters that justify the drawing of inferences." *Id*.

In the present case, a detective conducted a search of Thibodeau's vehicle after she had been taken into custody under warrant and her vehicle impounded. The detective found a plastic baggie containing a white cloudy residue in the pocket of the driver's door panel. He also found a small amount of white powder on the floorboard between the driver's door and the driver's seat. The detective collected the white powder found on the floorboard on the tip of his gloved left index finger and had that powder field tested. The field test produced a result positive for the presence of cocaine. This evidence alone is insufficient to establish "a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place," i.e., defendant's residence. *Kazmierczak*, 461 Mich at 417-418.

Moreover, the affidavit contains no factual averments that establish the required nexus between the small amount of cocaine found in Thibodeau's vehicle and her residence to sustain a finding of probable cause. There is no indication in the affidavit that the amount of cocaine found on the floorboard of her car was of a quantity to suggest that she possessed the cocaine with intent to deliver. Although the affidavit mentions that Thibodeau was observed to be driving erratically and making furtive gestures "to the center console and front driver seat" once the traffic stop had been initiated, at best, that information allowed a reasonable inference that Thibodeau knew of the presence of the cocaine in her vehicle and moved the plastic baggie found in the vehicle from the console to the driver's door pocket to avoid a "plain view" discovery of the bag.

The contents of the affidavit clearly link Thibodeau's vehicle to her residence, but there are no factual representations in the affidavit from which it may be reasonably inferred that Thibodeau removed the baggie from her residence and placed it in her vehicle when she was observed leaving her residence and getting into her vehicle. Further, Thibodeau's drug-related criminal history, which is briefly summarized in the affidavit, all predates the discovery of the baggie and small amounts of cocaine by approximately three years or more. The affidavit contained no factual representations of Thibodeau's recent involvement in drug-related activities. There are no references to the police conducting any "trash pulls" that produced evidence of ongoing drug activity at her residence. There also were not any references to any controlled buys having been made from Thibodeau, of any tips from informants regarding Thibodeau's involvement in drug-related activities, or any observations made during the surveillance of her home of drug-related activities by Thibodeau or any occupant of her residence.

Based upon the foregoing, reading the affidavit in a common-sense and realistic manner, and deferring to the decision of the magistrate, a reasonably cautious person could not have concluded that there was a substantial basis for a finding of probable cause that evidence of narcotics and drug trafficking existed in the Thibodeau's house. Rather, the content of the affidavit is sufficient to establish probable cause that Thibodeau knowingly possessed a small amount of cocaine, not probable cause to believe that cocaine and evidence of its trafficking would be found in her home.

The question then becomes whether the validity of the search may be upheld through an application of the good-faith exception. When police officers in good faith obtain and execute a search warrant from a magistrate, the items seized need not be suppressed if the warrant is later declared invalid. *United States v Leon*, 468 US 897, 919-921; 104 S Ct 3405; 82 L Ed 2d 677 (1984); *People v Goldston*, 470 Mich 523, 525-526; 682 NW2d 479 (2004). This good-faith exception to the general exclusionary rule, though, has a few exceptions of its own:

[r]eliance on a warrant is reasonable even if the warrant is later invalidated for lack of probable cause, except under three circumstances: (1) if the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his or her reckless disregard of the truth; (2) if the issuing judge or magistrate wholly abandons his or her judicial role; or (3) if an officer relies on a warrant based on a "bare bones" affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. [*People v Czuprynski*, 325 Mich App 449, 472; 926 NW2d 282 (2018).]

If one of the requirements is met, then any reliance on the search warrant was objectively unreasonable and the exclusionary rule mandates exclusion of any evidence obtained through the search warrant. *Goldston*, 470 Mich at 531, 538. If none of the requirements are met, however, then the good-faith exception permits admission of the evidence despite the unlawful search. *Id*. at 542. The United States Court of Appeals for the Sixth Circuit has found the "nexus" adequate to justify good faith when "the reviewing court is able to identify in the averring officer's affidavit some connection, regardless of how remote it may have been—some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched[.]" *United States v White*, 874 F3d 490, 497 (CA 6, 2017) (quotation marks and citation omitted). Here, as noted above, the affidavit is devoid of any facts—remote or otherwise—suggesting a connection between drug-trafficking and Thibodeau's residence. Accordingly, the good-faith exception does not apply and the evidence seized under the search warrant should be suppressed.

Reversed and remanded for entry of an order suppressing the evidence seized under the constitutionally deficient search warrant. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace