# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

THOMAS RICHARD FIELD,

      Defendant-Appellant.

UNPUBLISHED
October 9, 2018

No. 340396
Marquette Circuit Court
LC No. 16-054468-FH

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of operating or maintaining a laboratory involving methamphetamine, MCL 333.7401c(2)(f), and conspiracy to deliver or manufacture methamphetamine, MCL 750.157a and MCL 333.7401(2)(b)(*i*). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 8 to 30 years for each conviction. We affirm.

## I. BACKGROUND

According to the prosecutor's theory of the case, defendant, along with Starlene Bartol and April Barkle, agreed to manufacture a "batch" of methamphetamine for the three of them if the women would help him acquire the necessary ingredients. The prosecutor presented evidence that defendant picked up the two women in Ishpeming and then drove them to Marquette, where Bartol purchased pseudoephedrine at a Target store. The three then went to a Mares-Z-Doats store, where defendant purchased fertilizer in the form of "tree spikes" before the three were stopped by the police and arrested. According to Barkle and Bartol, the plan was for defendant to manufacture the methamphetamine in the woods with items he had buried there and for the product to be split among the three offenders.

## II. ANALYSIS

*Other Acts Evidence.* On appeal, defendant first argues that the trial court erred by permitting the prosecutor to present Bartol's testimony that she had previously seen defendant make methamphetamine, which usually occurred in the woods. Defendant argues that this evidence was inadmissible under MRE 404(b)(1). We disagree.

-1-

Whether to admit or exclude evidence is within the trial court's discretion and is reviewed on appeal for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or action is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Evidence of other crimes or acts is admissible under MRE 404(b) if such evidence: (1) is offered for a proper purpose and not to prove the defendant's character or propensity to commit the crime; (2) is relevant to an issue or fact of consequence at trial; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended on other grounds 445 Mich 1205 (1994). The prosecution has the burden of establishing the relevance of the prior acts evidence to prove a fact within one of the exceptions to the general exclusionary rule of MRE 404(b)(1). *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). Evidence is relevant if it has a tendency "to make the existence of any factual consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "Where the only relevance of the proposed evidence is to show the defendant's character or the defendant's propensity to commit the crime, the evidence must be excluded." *Knox*, 469 Mich at 510. A material fact "need not be an element of a crime or cause of action or defense but it must at least be 'in issue' in the sense that it is within the range of litigated matters in controversy." *People v Mills*, 450 Mich 61, 67-68; 537 NW2d 909 (1995) (cleaned up). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403. "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury" or the evidence would inject "considerations extraneous to the merits of the lawsuit," such as "the jury's bias, sympathy, anger, or shock." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005) (cleaned up).

In the instant case, the prosecutor moved to introduce Bartol's testimony that she had previously seen defendant make methamphetamine in the woods on at least five prior occasions. The prosecutor argued that the evidence was highly relevant to the issues of defendant's intent and knowledge. That is, the evidence was probative of what defendant intended to do with the pseudoephedrine pills and tree spikes that were with him when he was stopped by the police and his knowledge of how those products were used to manufacture methamphetamine. The prosecutor also argued that the fact that the previous occasions also involved the manufacture of methamphetamine in the woods was relevant because defendant's plan was to manufacture the drugs in the woods, and because defendant had allegedly told Bartol that he had all of the other components to make the drug hidden in the woods. The prosecutor further stated that the evidence was relevant to show a plan or scheme. The trial court agreed that defendant's intent was relevant to determining his guilt or innocence of the charged offenses, and that, therefore, the evidence was offered for a proper, noncharacter purpose. The trial court also agreed that the

information was prejudicial, but found that the probative value of the evidence outweighed its prejudicial effect. Therefore, it allowed the testimony and gave a cautionary jury instruction on the limited, permissible use of the evidence.

The trial court did not abuse its discretion by admitting the other-acts evidence. To prove that defendant was guilty of conspiracy to deliver or manufacture methamphetamine, the prosecution was required to prove beyond a reasonable doubt that there was a mutual agreement or understanding between defendant and one other person to commit the unlawful act of manufacturing methamphetamine. MCL 333.7401(2)(b)(*i*); MCL 333.7214(3)(c)(*ii*); MCL 750.157a; see also *People v Cotton*, 191 Mich App 377, 392; 478 NW2d 681 (1991). "Being a specific-intent crime, conspiracy requires both the intent to combine with others and the intent to accomplish the illegal objective." *Cotton*, 191 Mich App at 392-393. To prove that defendant committed the offense of operating or maintaining a laboratory involving methamphetamine, the prosecution was required to prove beyond a reasonable doubt that defendant owned or possessed a chemical he knew or had reason to know was going to be used to manufacture methamphetamine. MCL 333.7401c(1)(b); *People v Meshell*, 265 Mich App 616, 626; 696 NW2d 754 (2005). Thus, defendant's intent and knowledge were highly relevant to both charges, particularly where the pseudoephedrine pills and tree spikes found during the police stop were themselves legal products to possess, a point defendant emphasized at trial and emphasizes throughout his brief on appeal. That defendant had previously made methamphetamine by using tree spikes and preparing the drug in the woods was highly probative of defendant's intent and knowledge in purchasing the tree spikes on the instant occasion. This information was also relevant because the particulars of defendant's method, even if not particularly novel, supported Bartol's and Barkle's versions of the conspiracy as to how defendant would use the tree spikes and pseudoephedrine to make methamphetamine, and thereby supported their credibility. Even though defense counsel argued that defendant was not contesting that he knew how to manufacture the drug, the prosecutor was still required to prove that the pseudoephedrine pills and tree spikes found at the time of defendant's arrest were intended to be used to manufacture methamphetamine.

Although defendant argues that the prior occasions occurred a number of years earlier, "[t]he remoteness of an act only affects the weight of the evidence rather than its admissibility." *McGhee*, 268 Mich App at 611-612. For these reasons, the trial court did not abuse its discretion in ruling that the prosecutor offered this evidence for a proper purpose.

With respect to prejudicial effect, the trial court recognized that the evidence could be prejudicial, but found that its probative value still outweighed the prejudicial effect. This ruling was not an abuse of discretion. The evidence was highly probative of defendant's intent in purchasing the pseudoephedrine pills and tree spikes, which was a material issue in the case considering that those products are not themselves illegal to possess. Moreover, any prejudicial effect that the other acts evidence may have had was mitigated by the trial court's instruction to the jury, limiting the use of the evidence to its proper purpose. See *People v Orr*, 275 Mich App 587, 593; 739 NW2d 385 (2007).

*Prior Consistent Statement*. Defendant next argues that the trial court erred by allowing the prosecutor to introduce a police officer's testimony concerning Barkle's prior statements during police questioning. As noted previously, Barkle testified at trial that the plan was for

-3-

defendant to manufacture methamphetamine in the woods with the fertilizer spikes, the pseudoephedrine Bartol purchased, and items defendant hid in the woods. When initially stopped by police, Barkle told officers that she had no idea what was going on. On cross examination, defendant attacked Barkle's credibility by pointing out inconsistencies in her testimony. A police officer then testified that, when he interviewed Barkle, Barkle explained to him defendant's plan to manufacture the drug in the woods.

On appeal, defendant argues that the officer's statements were not admissible under MRE 801(d)(1)(B) to rehabilitate Barkle's trial testimony. Defendant concedes that there was no objection to the admissibility of this evidence under MRE 801(d)(1)(B), leaving the issue unpreserved. We review unpreserved claims of evidentiary error for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and an error affects substantial rights if it is prejudicial, i.e., if it affects the outcome of the proceedings. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

Under this standard, we need not determine whether the officer's testimony was admitted in error because, even if the admission was erroneous, it did not affect defendant's substantial rights. Generally, when determining whether an error was harmless, the focus is on the nature of the error "in light of the weight and strength of the untainted evidence." *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996). In addition, "the admission of a hearsay statement that is cumulative to in-court testimony by the declarant can be harmless error, particularly when corroborated by other evidence." *People v Duenaz*, 306 Mich App 85, 97; 854 NW2d 531 (2014) (cleaned up). Even without the officer's testimony about the earlier statement, the jury heard Barkle's testimony as well as Bartol's substantially similar testimony, which itself supported Barkle's testimony. Moreover, the officer's testimony had no bearing on the evidentiary weight of the tree spikes and the pseudoephedrine pills. In short, substantial evidence existed to show that defendant's plan was to manufacture methamphetamine in the woods, even apart from the officer's testimony. Accordingly, any error did not affect defendant's substantial rights.

*Prosecutorial Misconduct*. Defendant next argues that he is entitled to reversal of his convictions because the prosecutor committed misconduct by introducing Barkle's prior statements and by commenting at trial that defendant had "substance abuse issues." Because defendant did not object to the prosecutor's conduct at trial, we review these unpreserved issues for plain error affecting defendant's substantial rights. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

With respect to the introduction of Barkle's prior statements, a "prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). Defendant has not presented any evidence from which we may conclude that the prosecutor's offer of Barkle's prior statements as evidence was not made in good faith and, in any event, because any error regarding the statements would be harmless, defendant is not entitled to reversal of his convictions.

Regarding defendant's second claim of misconduct, the prosecutor remarked in her opening statement that defendant had "substance abuse issues," and later stated that "all three

individuals" had substance-abuse issues. Defendant argues that the evidence did not support these characterizations. We disagree. Although a prosecutor may not make a factual statement that is not supported by the evidence, prosecutors are "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). Evidence was presented that defendant was involved in a conspiracy to make methamphetamine and to keep some of the product. Bartol also testified that she had seen defendant make methamphetamine a number of times in the past. It was reasonable to infer from this testimony that defendant intended to keep some of the drugs for his own use and that he had a history of involvement with methamphetamine. Accordingly, defendant has not demonstrated error with respect to the prosecutor's remarks that defendant had "substance abuse issues."

*Sufficiency of the Evidence*. Defendant next argues that the prosecutor failed to present sufficient evidence to support his convictions. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). This Court must review the evidence in a light most favorable to the prosecution and determine whether the jury could have found each element of the charged crime proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of [a] crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "[A] reviewing court is required to draw all reasonable inferences and make credibility determinations in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

As noted earlier, to prove that defendant was guilty of conspiracy to deliver or manufacture methamphetamine, the prosecution was required to prove beyond a reasonable doubt that there was a mutual agreement or understanding between defendant and one other person to commit the unlawful act of manufacturing methamphetamine. MCL 333.7401(2)(b)(*i*); MCL 333.7214(3)(c)(*ii*); MCL 750.157a; see also *Cotton*, 191 Mich App at 392. "Being a specific-intent crime, conspiracy requires both the intent to combine with others and the intent to accomplish the illegal objective." *Cotton*, 191 Mich App at 392-393. To prove that defendant committed the offense of operating or maintaining a laboratory involving methamphetamine, the prosecution was required to prove beyond a reasonable doubt that defendant owned or possessed a chemical he knew or had reason to know was going to be used to manufacture methamphetamine. MCL 333.7401c(1)(b); *Meshell*, 265 Mich App at 626.

The prosecutor presented the testimony of Barton and Barkle that the three intended to prepare methamphetamine, and that they intended to split the product. A police detective observed Bartol purchase pseudoephedrine pills. He then followed Bartol, who joined Barkle and defendant, and the three went to another store where defendant purchased tree spikes. Testimony was presented explaining how tree spikes and pseudoephedrine are used to make methamphetamine. By the time the three were stopped, Bartol had taken the pills out of their original packaging. She admitted that she did this to prevent the pills from being traced to her. Bartol testified that she gave the pills to defendant. Bartol had seen defendant make methamphetamine in the past.

This testimony, and reasonable inferences that could be drawn from this evidence, viewed in a light most favorable to the prosecution, was sufficient to enable the jury to find

beyond a reasonable doubt that defendant conspired with Bartol and Barkle to manufacture methamphetamine, and that defendant possessed both the pseudoephedrine pills and tree spikes for the purpose of making methamphetamine. Although defendant contends that the ingredients themselves were legal to purchase and had other legal uses, this Court is required to draw all reasonable inferences in support of the jury's verdict, and the prosecutor was not require to disprove defendant's defense or other possible theories of innocence. *Nowack*, 462 Mich at 400. The evidence was sufficient to support defendant's convictions.

*Ineffective Assistance of Counsel.* Defendant argues that he did not receive the effective assistance of counsel at trial. Generally, a defendant must file a motion for a new trial or *Ginther*[1] hearing in the trial court to establish evidentiary support for a claim of ineffective assistance of counsel. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Where, as in this case, such a motion was not filed, we review the defendant's claims for errors apparent from the record. *Id.*

Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's representation "fell below an objective standard of reasonableness"; and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), citing *Strickland v Washington*, 466 US 668, 688-694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. In other words, "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. We presume that defense counsel rendered effective assistance and exercised reasonable professional judgment in all significant decisions. *Vaughn*, 491 Mich at 670. Defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that his trial counsel was ineffective for not objecting to the introduction of Barkle's prior statements under MRE 801(d)(1)(B). As explained earlier, however, the introduction of this limited evidence was harmless. Accordingly, defendant cannot show prejudice from the lack of an objection. Similarly, with respect to defendant's contention that trial counsel should have objected to the prosecutor's conduct, we have concluded that defendant's underlying claims of misconduct are without merit. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People*

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

*v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, defendant cannot show that counsel was ineffective for not objecting to the prosecutor's conduct.

Defendant also argues that defense counsel was ineffective for failing to file a motion to suppress the evidence that was obtained after the police stopped defendant's vehicle. Defendant does not challenge the initial stop of his vehicle, or the events leading up to the officer's discovery of the tree spikes in defendant's possession. Rather, he argues that the discovery of the tree spikes and the pseudoephedrine pills did not create sufficient probable cause to support his arrest or the seizure of the pills and tree spikes because these items were legally purchased and were not illegal contraband.

Where a trial counsel's failure to litigate a Fourth Amendment claim is the basis of an ineffectiveness challenge, a defendant must prove "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v Morrison*, 477 US 365, 375; 106 S Ct 2574; 91 L Ed 2d 305 (1986). With respect to defendant's argument on appeal:

> [a] police officer may make an arrest without a warrant if there is probable cause to believe that a felony was committed by the defendant, or probable cause to believe that the defendant committed a misdemeanor in the officer's presence. "Probable cause is found when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed." The standard is an objective one, applied without regard to the intent or motive of the police officer. [*People v Chapo*, 283 Mich App 360, 366-367, 770 NW2d 68 (2009) (cleaned up).]

At the time of defendant's arrest, the two officers involved in the traffic stop had knowledge that Bartol, a known drug user, had purchased pseudoephedrine, which the officers knew was an ingredient to manufacture methamphetamine. The officers testified that they followed Bartol, who then joined defendant and Barkle in defendant's truck without divesting herself of the pseudoephedrine pills. The officers then learned that defendant had purchased tree spikes, which the officers also knew could be used to manufacture methamphetamine. These combined facts gave the officers probable cause to believe that at least Bartol and defendant had intended to manufacture methamphetamine with what they had purchased. This provided probable cause to arrest defendant.

The automobile exception to the warrant requirement allows searches or seizures of automobiles when there is probable cause to believe that evidence of a crime will be found in a lawfully stopped vehicle. *People v Kazmierczak*, 461 Mich 411, 418; 605 NW2d 667 (2000); *People v Levine*, 461 Mich 172, 179; 600 NW2d 622 (1999). Probable cause to search exists when the totality of facts and circumstances indicate a "substantial basis" for believing there is a "fair probability" the search will uncover contraband or evidence of a crime. *Kazmierczak*, 461 Mich at 417-418. "The determination whether probable cause exists to support a search, including a search of an automobile without a warrant, should be made in a commonsense manner in light of the totality of the circumstances [and] must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good

faith of the police officers." *People v Wood*, 321 Mich App 415, 423; 910 NW2d 364 (2017) (cleaned up). In ascertaining the circumstances, an officer may make reasonable inferences based on his experience. *People v LoCicero (After Remand)*, 453 Mich 496, 502; 556 NW2d 498 (1996).

In this case, the testimony at trial supports a determination that defendant's arrest preceded the discovery of the pills in the envelope and defendant does not state otherwise on appeal. Because the officers also had probable cause at this point to believe that the truck still contained the pills, particularly after seeing the original box in the front area of the truck, the officers would have had sufficient probable cause to believe that the vehicle contained additional evidence of a crime, thereby permitting the warrantless search of the vehicle that led to the discovery of the pills in the envelope. For these reasons, we are not persuaded that a motion to suppress would have been successful. Thus, we conclude that counsel's failure to make such a motion did not deprive defendant of the effective assistance of counsel.

Defendant raises an additional ineffective-assistance claim in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. He argues that defense counsel was ineffective for failing to impeach Barkle with evidence of her prior criminal history, including a prior conviction for uttering and publishing. Although defendant contends that a police officer provided him with information regarding Barkle's criminal history, the record does not contain any documentation in support of this claim. In addition, defendant has not provided an affidavit from either the officer who allegedly provided this information, or from anyone else in support of this claim. Accordingly, defendant has not established the factual predicate for his claim that counsel was ineffective for failing to impeach Barkle with her criminal history.

*Juror Bias*. In his Standard 4 brief, defendant also argues that he was denied a fair trial by the trial court's failure to dismiss two jurors who defendant contends were unable to remain fair and impartial. Defendant acknowledges that neither juror was challenged for cause at trial. Furthermore, the record discloses that defendant agreed with the jury that was selected, without exhausting all of his available peremptory challenges. Accordingly, defendant has forfeited this issue for review. *People v Rose*, 268 Mich 529, 531; 256 NW 536 (1934); *People v Taylor*, 195 Mich App 57, 59-60; 489 NW2d 99 (1992).

*Scoring of Offense Variable 14*. Finally, defendant argues that he is entitled to be resentenced because the trial court erred by assessing 10 points for offense variable (OV) 14 of the sentencing guidelines. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 N2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*

When scoring the sentencing guidelines, the trial court may consider all of the evidence in the record. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). MCL 777.44(1)(a), which governs the scoring of OV 14, provides that 10 points should be assessed when "[t]he offender was a leader in a multiple offender situation." The statute also provides

that "[i]f 3 or more offenders were involved, more than 1 offender may be determined to have been a leader." MCL 777.44(2)(b). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a).

A "leader" for purposes of OV 14 is someone who "acted first or gave directions, or was otherwise a primary causal or coordinating agent." *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) (cleaned up). At trial, Bartol testified that defendant approached her and Barkle, that defendant proposed making methamphetamine, and that defendant wanted her to purchase the pseudoephedrine. Bartol further testified that defendant gave her money to make the purchase as well as a note indicating what to purchase. Barkle testified that defendant did not specifically ask Bartol to buy the pills, but she also testified that defendant provided Bartol with money and a note. Testimony was also presented that defendant purchased the tree spikes, that he drove the others, and that he was the person who intended to manufacture the drug. This evidence was sufficient to show that defendant was directing the other offenders, coordinating their actions in the pursuit of the manufacture of methamphetamine. Thus, the evidence supports the trial court's finding that defendant was a leader in a multiple-offender situation. The trial court properly scored OV 14 at 10 points.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle