# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS GERALD PIOTROWSKI,

Defendant-Appellant.

UNPUBLISHED
November 29, 2018

No. 338509
St. Clair Circuit Court
LC No. 16-002825-FH

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for delivery of a controlled substance, MCL 333.7401(2)(b)(*ii*). Defendant was sentenced to 120 days in jail and to two years' probation, which was to be suspended upon completion of a drug education program. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a drug transaction between defendant and Gerald Steven Glombowski on August 26, 2015 in Port Huron, Michigan which was witnessed by two law enforcement officers. On that date, Officer Ryan Mynsberge of the Port Huron Police Department was patrolling near the intersection of 20th Street and Griswold Street in Port Huron with Agent Michael Ball of the United States Border Patrol. Both officers were in plain clothes and were driving in an unmarked car because they were members of the Neighborhood Enforcement Team (NET), which patrols and investigates known "hot spots" for illegal activity. At the corner of the two aforementioned streets was a party store that was known as a "hot spot" for illegal drug activity.

As they approached the party store, Officer Mynsberge observed a man, later identified as Glombowski, standing outside the driver's side window of a vehicle stopped in the store's parking lot. Officer Mynsberge observed a hand-to-hand exchange between the man and the driver of the vehicle that indicated an item had been passed from one to the other. Immediately after the exchange, Glombowski put his hand in his right pocket as if he were placing something in that pocket. Glombowski was also holding cash in his other hand. Because of his training and experience, Officer Mynsberge believed that the transaction was suspicious and that the two individuals had exchanged drugs.

-1-

Officer Mynsberge pulled into the parking lot and made contact with Glombowski. Agent Ball made contact with defendant, who was sitting in the driver's seat of the vehicle. Officer Mynsberge arrested Glombowski based on his observations and conducted a search of Glombowski subsequent to arrest. Officer Mynsberge found 1½ orange pills in Glombowski's possession. Agent Ball observed an orange prescription pill bottle between defendant's legs. The pill bottle had 6½ pills inside of it. The bottle was for prescription Adderall and had defendant's name on it. Defendant told the police that he had not given Glombowski anything and that he was in the parking lot to meet a friend to go to a baseball game together. Subsequent testing confirmed that the pills taken from defendant's pill bottle contained amphetamines.

## II. ANALYSIS

On appeal, defendant raises several claims of ineffective assistance of counsel, all of which we conclude are without merit. "The determination whether defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). While an appellate court reviews the trial court's conclusions involving constitutional law de novo, the court's factual determinations, if any, are reviewed for clear error. *Lockett*, 295 Mich App at 186. A determination is clearly erroneous if this Court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). If a *Ginther*[1] hearing is not held, this Court's "review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).[2]

In *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), the Michigan Supreme Court recently articulated the governing principles for reviewing a claim alleging ineffective assistance of counsel:

> [E]stablishing ineffective assistance requires a defendant to show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant. Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [Footnotes, citations and quotation marks omitted.]

We presume that trial counsel rendered effective assistance and defendant bears a heavy onus to demonstrate to the contrary. *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy[.]" *People v Davis*, 250 Mich App 357, 368; 649

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] This Court denied defendant's motion to remand this case to the trial court for an evidentiary hearing. *People v Piotrowski*, unpublished order of the Court of Appeals, issued January 11, 2018 (Docket No. 338509).

NW2d 94 (2002). This Court will not interfere with trial counsel's strategic decisions in hindsight, even if trial counsel's strategy proved to be unsuccessful. *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2002).

Defendant first contends that his trial counsel was ineffective for failing to file a motion to suppress where the record evidence does not support a conclusion that the police had probable cause to arrest defendant or to search his vehicle. We disagree.

As an initial matter, defendant's contention that the police lacked probable cause to arrest defendant is without merit. "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996) (citation omitted). In the context of considering whether a police officer's investigatory stop was justified, the United States Supreme Court has recognized that "officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." *Illinois v Wardlow*, 528 US 119, 124; 120 S Ct 673; 145 L Ed 2d 570 (2000). A police officer's training and experience are also relevant to the probable cause determination. *People v Levine*, 461 Mich 172, 184-185; 600 NW2d 622 (1999). Where the police observed defendant and Glombowski engaged in a suspicious transaction in an area known for drug activity, and both were discovered with prescription drugs in their possession shortly after, we disagree with defendant's assertion that probable cause did not exist for defendant's arrest.

Moreover, the search of defendant's vehicle was justified under more than one exception to the requirement that a search be conducted pursuant to a warrant.[3] For instance, "[t]he plain view doctrine allows police officers to seize, without a warrant, items in plain view if the officers are lawfully in a position from which they view the item, and if the item's incriminating character is immediately apparent." *Champion*, 452 Mich at 101 (citation omitted). As Officer Mynsberge testified at the preliminary examination, the pill bottle defendant held between his legs was readily visible to him when the police confronted defendant and Glombowski. The other relevant exception to the warrant requirement is the automobile exception. This exception allows police to search an automobile without a warrant if probable cause exists to support the search. *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). "Probable cause . . . exists where there is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in the particular place." *Id*. at 417-418 (citation and quotation marks omitted). Again, Officer Mynsberge testified at the preliminary examination that defendant, seated in the vehicle with a pill bottle between his legs, was suspected of engaging in illegal drug activity where he was observed handing an item to Glombowski in a suspicious manner. Where probable cause existed for defendant's arrest, and the warrantless search of

---

[3] Searches without a warrant are "presumptively unreasonable" and therefore in violation of the provisions of the United States and Michigan constitutions specifying that a search cannot be unreasonable. *People v Wood*, 321 Mich App 415, 423; 910 NW2d 364 (2017).

defendant's vehicle was permissible, defendant's argument that his trial counsel was ineffective where he did not file a motion to suppress the evidence is not persuasive. "Counsel is not ineffective for failing to advance a meritless position or make a futile motion." *People v Henry* (*After Remand*), 305 Mich App 127, 141; 854 NW2d 114 (2014).

Defendant next contends that trial counsel was ineffective for failing to file a motion seeking dismissal on the basis that defendant's right to a speedy trial was violated. We disagree.

To determine whether a defendant was denied his right to a speedy trial, this Court must consider the following four factors: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right [to a speedy trial], and (4) the prejudice to the defendant." *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006). The last element of prejudice is pivotal as we analyze this question. *People v Cain*, 238 Mich App 95, 112; 605 NW2d 28 (2000). If there is a delay of 18 months or more, prejudice is presumed, and the prosecution has the burden of rebutting the presumption. *Id*. However, pretrial delay is not a dispositive factor in a speedy trial claim. *Id*. For example, this Court has previously held that lengthy delays do not automatically amount to a constitutional violation. See *Cain*, 238 Mich App at 111-114 (holding that a constitutional violation did not occur in the context of a 27-month pretrial delay); *People v Simpson*, 207 Mich App 560, 564; 526 NW2d 33 (1994) (holding that the defendant was not deprived of his right to a speedy trial by a 4½ year pretrial delay). In determining whether a pretrial delay prejudiced the defendant, this Court will consider which party caused a particular delay. See *Cain*, 238 Mich App at 113.

In this case, the record reflects that the felony complaint was not issued until August 18, 2016. Further, defendant's trial was initially scheduled for February 14, 2017, but after a request by the prosecution it was adjourned to February 22, 2017. Defendant then requested that trial be adjourned to March 14, 2017. Where the pretrial delay was under 18 months, defendant is not entitled to a presumption of prejudice. *Williams*, 475 Mich at 262. Additionally, defendant's allegation that he incurred prejudice stems from his personal anxiety caused by the delay and the loss of Glombowski as a witness. Neither of these amount to prejudice. Specifically, this Court has recognized that "anxiety, alone, is insufficient to establish a violation of [a] defendant's right to a speedy trial." *People v Gilmore*, 222 Mich App 442, 462; 564 NW2d 158 (1997). Further, Glombowski's unavailability at trial was not attributable to any delay; rather, he asserted his Fifth Amendment right not to testify. As the prosecution points out, Glombowski likely would have asserted this right at any point, even if the trial had occurred sooner. Under these circumstances, we conclude that defendant was not denied his right to a speedy trial and trial counsel was not ineffective for declining to file a motion to dismiss. *Henry* (*After Remand*), 305 Mich App at 141.

Defendant next contends that trial counsel failed to enter into plea negotiations on defendant's behalf and that this amounted to ineffective assistance of counsel. We disagree.

To prevail on an ineffective assistance of counsel claim in the factual context of the "plea-bargaining process[,]" specifically where the defendant alleges that a plea offer was rejected, the defendant must demonstrate that there was:

. . . a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), quoting *Lafler v Cooper*, 566 US 156, 164; 132 S Ct 1376; 182 L Ed 2d 398 (2012) (quotation marks omitted).]

In its brief on appeal, the prosecution contends that it offered defendant a written plea in which it would dismiss defendant's potential enhanced sentence on conviction if defendant pleaded guilty at the preliminary examination. Conversely, in his brief on appeal, defendant merely states that trial counsel did not engage in plea negotiations. We acknowledge that a defendant has a right "to the effective assistance of counsel in the plea bargaining process." *Douglas*, 496 Mich at 591-592. However, where, aside from his own cursory and unsupported allegations in his affidavit, defendant has not factually supported his claim that trial counsel did not undertake plea negotiations on his behalf, his argument that trial counsel's performance was deficient is without merit. *People v Carbin*, 463 Mich 590, 600-601; 623 NW2d 884 (2001).

Defendant's assertion that trial counsel did not competently mount a defense at trial is likewise unavailing. As noted previously, Glombowski asserted his Fifth Amendment right not to testify and was thus unavailable. Moreover, the record confirms that trial counsel strategically discredited the police officers' testimony. For example, trial counsel pointed out discrepancies in Officer Mynsberge's report and preliminary examination testimony in an attempt to discredit him. Additionally, trial counsel attempted to show how difficult it was for Agent Ball to see defendant's exchange with Glombowski from a moving police vehicle in an attempt to undermine his testimony. In closing argument, trial counsel emphasized that (1) defendant was entitled to a presumption of innocence and (2) discrepancies existed in the witnesses' testimony. Trial counsel further argued that the prosecution's evidence did not rise to the level of establishing guilt beyond a reasonable doubt. However, the jury did not agree. Trial counsel's strategy was not ineffective simply because it was unsuccessful. *Rogers*, 248 Mich App at 715.

Finally, defendant alleges that trial counsel was ineffective for failing to excuse specific jurors who had personal connections to the prosecutor's office and law enforcement personnel. We disagree.

Criminal defendants have the right to be tried by an impartial jury. US Const, Am VI; Const 1963, art 1, § 20. A juror may be excused from a panel either for cause or by a peremptory challenge. MCR 2.511(D) and (E). A party may excuse a juror for cause if that party shows, among other reasons, that the juror "is biased for or against a party or attorney[,]" "shows a state of mind that will prevent the person from rendering a just verdict . . . [,]" or "has opinions or conscientious scruples that would improperly influence the person's verdict." MCR 2.511(D)(2), (3), and (4). There is a presumption that a juror is impartial unless defendant demonstrates otherwise. *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008).

During voir dire, Juror 13 stated that he was married to an employee of the prosecutor's office and Juror 3 disclosed a familial connection to law enforcement personnel. The

prosecution asked whether Juror 13 would follow the trial court's instructions about rendering a fair and impartial verdict. Juror 13 responded that he would do so. Similarly, Juror 3 indicated that her husband's job as a deputy warden in a local correctional facility did not impact her ability to be impartial. Notably, trial counsel proceeded to extensively question Juror 3 to confirm her ability to be impartial and unbiased. Put simply, the record reflects that both jurors confirmed their ability to be fair and impartial and under such circumstances, a challenge for cause bore little chance of being successful. While trial counsel could have sought to remove these jurors through peremptory challenges, such action is a matter of trial strategy which this Court, as general matter, will refrain from reviewing with the benefit of hindsight. *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001). Accordingly, defendant has not demonstrated that trial counsel's performance was objectively deficient. *Randolph*, 502 Mich at 9.

Defendant's reliance on *Hughes v United States*, 258 F3d 453 (CA 6, 2001) is likewise unpersuasive. In *Hughes*, the United States Court of Appeals for the Sixth Circuit held that the defendant was deprived of the effective assistance of counsel when the prosecution, defense counsel and the trial court failed to inquire further into a statement by a potential juror that she could not be fair sitting as a juror where she had personal relationships with a police officer and police detectives. *Id*. at 458-459, 460. *Hughes* is factually distinguishable, where in this case both Jurors 3 and 13 gave clear assurances that they would be impartial and fair when questioned by the prosecution and trial counsel. Consequently, defendant's assertion that trial counsel was constitutionally infirm in not seeking the excusal of two jurors from the jury panel is without merit.

## III. CONCLUSION

Where defendant's allegations that he was denied the effective assistance of counsel are without merit, his conviction and sentence are affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello