*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOHNELL LEE ROBINSON,

        Defendant-Appellee.

UNPUBLISHED
July 21, 2022

No. 359080
Wayne Circuit Court
LC No. 20-004027-01-FH

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order granting, on reconsideration, defendant's motion to suppress evidence of him possessing a weapon. We vacate the trial court's order granting defendant's motion to suppress and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Defendant was taken into custody after police discovered a concealed weapon on his person while investigating an illegal dice game in Detroit. Defendant was also carrying a small bag containing a mixture of heroin and fentanyl.

Police officer Stephen Heid testified that as he arrived on scene to investigate the dice game (an event where, in Heid's experience, individuals often carry weapons), he saw defendant looking nervous and jogging away in what Heid thought was an apparent attempt to evade police. Heid also testified that, when he arrived, defendant's hands were in his pockets. Heid exited his vehicle and instructed defendant to show his hands. Based on defendant's behavior, Heid suspected that he was armed and conducted a pat-down search of defendant's person, which revealed a gun in his

---

[1] See *People v Robinson*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359080).

backpack. Defendant disputed this version of events, testifying that he was near the dice game but not participating, and that he never had his hands in his pockets or attempted to evade police. Heid's bodycam recorded the events in question after he exited the vehicle and was provided to the trial court.

Defendant was charged with one count of possession of less than 25 grams of heroin, cocaine, or another narcotic, MCL 333.7403(2)(a)(*v*), and one count of carrying a concealed weapon, MCL 750.227. A preliminary examination took place in the district court, and defendant was bound over for further proceedings in the circuit court.

Defendant then moved in the circuit court to suppress evidence of the gun and narcotics, arguing that Heid's pat-down search violated his Fourth Amendment rights. Defendant claimed that the circumstances did not justify a pat-down search, and he also requested an evidentiary hearing to address alleged credibility issues with Heid's testimony. In response, the prosecution argued that the pat-down search was properly supported by Heid's reasonable suspicion that defendant was armed and dangerous.

At an evidentiary hearing on defendant's motion, the trial court noted that the case essentially boiled down to the issue of Heid's credibility. And while noting that the bodycam footage did not explicitly corroborate Heid's testimony, the trial court found that his testimony was not incredible. The court, therefore, concluded that reasonable suspicion for the pat-down search was satisfied, and entered an order denying defendant's motion to suppress.

Defendant then moved for reconsideration on the basis that the prosecutor, following the court's denial of the motion to suppress, disclosed that Heid had earlier pleaded no contest to various charges of misconduct.[2] And according to defendant, the court's decision on Heid's credibility might have been different had it heard evidence of this recent misconduct. The trial court granted defendant's motion for reconsideration and allowed for further argument from the parties, but not the reopening of proofs.

At a later hearing on defendant's motion, the trial court first noted that the bodycam video never actually depicted defendant with his hands in his pockets or jogging from the scene. The court also noted defendant's testimony that he never jogged anywhere or had his hands in his pockets, and testimony of another police officer on the scene, Adam Dykema, that he never saw either of these actions. Therefore, while the court did not find Heid's testimony to be "incredible," it nevertheless stated, "I find that he, what he was indicating . . . was just wrong. I, I mean, there's no evidence that corroborates what he says." The court also stated that defendant's testimony was at least partially corroborated by his statement in the video that his hands were not in his pockets. Accordingly, in reconsidering its earlier ruling, the court ultimately concluded that the search was improper. The trial court ultimately indicated that Heid's misconduct was not a factor in its reversal, instead indicating that its main justification for changing its ruling was the court's

---

[2] The prosecution stipulated, for purposes of defendant's motion to suppress, that Heid pleaded no contest to willful neglect of duty in August 2018 after allegedly violating various department policies.

apparent application of the incorrect standard to review both Heid's testimony, and the overall evidence, at the initial evidentiary hearing. Accordingly, the trial court entered an order granting defendant's motion to suppress.[3]

## II. STANDARD OF REVIEW

To defeat a motion to suppress evidence, the prosecution must establish by a preponderance of the evidence that a challenged search and seizure is justified by a recognized exception to the warrant requirement. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). This Court reviews decisions on a motion to suppress de novo, but the trial court's factual findings are reviewed for clear error. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). "A [finding] is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012) (quotation marks and citation omitted). Furthermore, particular regard must be given considering the trial court's special opportunity to judge the credibility of the witnesses who came before it. MCR 2.613(C). Therefore, reviewing courts should generally defer to the trial court's resolution of factual issues, especially when "a factual issue involves the credibility of the witnesses whose testimony is in conflict." *People v Farrow*, 461 Mich 202, 209; 600 NW2d 634 (1999); see also *Miller-Davis Co v Ahrens Construction, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014), citing *Farrow*, 461 Mich at 208-209 ("We review a trial court's findings of fact for clear error, giving particular deference to the trial court's superior position to determine witness credibility.").[4] Additionally, this Court reviews de novo "whether the Fourth Amendment was violated and whether an exclusionary rule applies." *Hyde*, 285 Mich App at 436.

## III. ANALYSIS

The United States and Michigan Constitutions protect individuals from unreasonable searches and seizures. *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000); see also US Const, Am IV; Const 1963, art 1, § 11. However, under *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), police officers may make valid, warrantless investigatory stops "if they possess reasonable suspicion that crime is afoot." *People v Custer*, 465 Mich 319, 327; 630 NW2d 870 (2001) (quotation marks and citation omitted). Relatedly, an officer may also

---

[3] While defendant requested suppression of both the weapon and narcotics discovered in his backpack, the court's opinion and order only suppressed evidence of the gun, as it states, "Granted—Court Suppresses Evidence of the Weapon."

[4] The prosecution, citing *People v Kavanaugh*, 320 Mich App 293, 298; 907 NW2d 845 (2017), argues that no special reason exists to defer to the trial court's findings concerning what is depicted in the bodycam video. See *Kavanaugh*, 320 Mich App at 298 ("there is no reason to give deference to the trial court when the trial court was in no better position to assess the evidence") (citation omitted). True enough with respect to what is depicted in the video, *Kavanaugh* at 297-298, but the court's overall findings also included gauging Heid's testimony and those of the other witnesses, which were intertwined with the video footage.

perform a limited pat[-]down search for weapons if the officer has reasonable suspicion that that the individual is armed, and thus poses a danger to the officer or to other persons. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause. In order to demonstrate reasonable suspicion, an officer must have specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion. [*Id.* at 328 (quotation marks omitted), quoting *Terry*, 392 US at 21, 27, and *People v Champion*, 452 Mich 92, 98-99; 549 NW2d 849 (1996)).]

Here, the prosecution argues that the trial court erred in reversing its initial denial of defendant's motion to suppress because, viewing the totality of facts from Heid's point of view, he did have reasonable suspicion that defendant was armed and dangerous. Though we may have independently agreed with the prosecution, our concern as an appellate court is with the trial court's somewhat convoluted analysis at both the evidentiary hearing and the motion hearing on the standard under which it evaluated Heid's credibility and the existence of reasonable suspicion, and in fact whether it applied the reasonable suspicion standard at all.

In its initial decision denying the motion, the trial court repeatedly—and correctly—indicated that it needed to find whether Heid had reasonable suspicion to conduct the pat down. And it also determined that Heid's testimony was not "incredible," and thus the factors he expressed during that testimony supplied him with reasonable suspicion to pat down defendant. Though a finding that a witness's testimony "is not incredible" is no ringing endorsement of credibility, that finding coupled with the correct articulation of the reasonable suspicion standard, would suffice to uphold the order.

Yet in granting reconsideration the trial court articulated an incorrect standard, indicating that it was "reviewing this evidence, from, at least, a probable cause standard." But as the *Champion* Court held, 452 Mich at 98, "[r]easonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." Thus, as far as we can discern from the trial courts on the record ruling, it applied an incorrect—and higher—burden when evaluating the evidence on reconsideration. And though it continued to disclaim that it found Heid's testimony to be "incredible," it now found that though the testimony was neither contrived nor untruthful, it was "just wrong," as there was no corroborating evidence to support it. In explaining its decision to now suppress evidence of the gun, the trial court stated that it had initially used an incorrect standard to both "review credibility" and "to review the evidence," and that for those three reasons (and not the plea-based conviction of Heid) the court reversed its decision.[5]

---

[5]The use of an "incredible" standard in gauging witness testimony comes into play when addressing challenges to the great weight of the evidence. See *People v Lemmon*, 456 Mich 625,

Although the ultimate question of whether a Fourth Amendment violation occurred is one of law which we review de novo, *Hyde*, 285 Mich App at 436, we conclude that vacating the order granting defendant's motion to suppress, and remanding to allow the trial court to articulate on the record its credibility findings, and to apply those findings under the appropriate and more deferential reasonable suspicion standard, is the appropriate course. The courts continued declaration that Heid's testimony was not "incredible," yet it not finding that he was (or was not) credible, coupled with the video evidence that contains some corroboration[6] for Heid's testimony, compels a remand for a review of the existing record and a new decision applying the reasonable suspicion standard.

Vacated and remanded for further proceedings consistent with this opinion. On remand the trial court shall issue a decision on defendant's motion to suppress within 45 days of this opinion, and its findings and conclusions shall be filed with this Court immediately thereafter. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

627, 642; 576 NW2d 129 (1998), where the Court explained that exceptional circumstances to overturn a verdict may be found, among other ways, when testimony is "patently incredible or defies physical realities." *Id*. at 643-644. But that standard does not apply here.

[6] While the trial court on reconsideration found that the video did not corroborate Heid's testimony and that he, accordingly, was wrong on the facts, our independent viewing of the bodycam footage reveals potential flaws in the court's analysis. First, while the video did not show defendant's hands actually in his pockets, they were down, near the pockets when defendant first comes into view on the bodycam footage. And Heid consistently testified that defendant's hands were in his pockets *before* coming into view of the video. Relatedly, it is notable that Heid is seen gesturing toward defendant for some time before he is visible in the video. Therefore, nothing in the video contradicts Heid's testimony that defendant's hands were initially in his pockets, and inferences from the video provide some support for Heid's testimony.

# Court of Appeals, State of Michigan

## ORDER

People of MI v Johnell Lee Robinson

Docket No.    359080

LC No.        20-004027-01-FH

Michael J. Kelly
Presiding Judge

Christopher M. Murray

Stephen L. Borrello
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 45 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall issue a decision on defendant's motion to suppress. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Michael J. Kelly
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 21, 2022
Date

Chief Clerk